1  GREENBERG TRAURIG, LLP
2  Robert J. Herrington (SBN 234417)
   Email: herringtonr@gtlaw.com
3  Robert S. Freund (SBN 287566)
   Email: freundr@gtlaw.com
4  1840 Century Park East, Suite 1900
5  Los Angeles, CA 90067
   Telephone:  (310) 586-7700
6  Facsimile:   (310) 586-7800
7  Attorneys for Defendant,
   WAL-MART STORES, INC.
8

9

       **UNITED STATES DISTRICT COURT**
10
   **CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**
11

12 | BUY INSTA SLIM, INC., a          | CASE NO.  8:18-cv-00011 AG (KESx)
   | California Corporation           |
13 |                                  | **DEFENDANT WAL-MART STORES,**
14 |            Plaintiff,            | **INC.'S NOTICE OF MOTION AND**
   |                                  | **MOTION TO DISMISS FIRST**
15 | v.                               | **AMENDED COMPLAINT;**
   |                                  | **MEMORANDUM OF POINTS AND**
16 | FAITH BUSINESS                   | **AUTHORITIES**
17 | MANAGEMENT COMPANY,             |
   | INC., a Corporation doing business | Date:  June 4, 2018
18 | as NATIONAL DIRECT SALES &      | Time:  10:00 a.m.
   | MARKETING; WAL-MART             | Court Room:  10D
19 | STORES, INC., a Corporation     | Hon. Andrew J. Guilford
20 | doing business as WAL-MART;     |
   | and DOES 1 through 30, inclusive, | [Filed concurrently with [Proposed]
21 |                                  | Order]
22 |            Defendants.          |
   |                                  | Action Filed:        December 5, 2017
23 |                                  | Action Removed:  January 5, 2018
24 |                                  | FAC Filed:           April 16, 2018

25

26

27

28

───────────────────────────────────────────
       MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 4, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Andrew J. Guilford in Courtroom 10D of the above-entitled Court, located at 441 West 4th Street, Santa Ana, California, Defendant Wal-Mart Stores, Inc. ("Walmart") will and hereby does move the Court to dismiss the First Amended Complaint as to Walmart pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to state a claim.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and other matters on file in this action, any oral argument that the Court may entertain at the hearing, and upon such other and further matters as may come before the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 23 and April 26, 2018.


DATED:  April 30, 2018                    GREENBERG TRAURIG, LLP


                                  By      */s/ Robert J. Herrington*
                                          Robert J. Herrington
                                          Attorneys for Defendant,
                                          WAL-MART STORES, INC.

1

MOTION TO DISMISS COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................... 1

II.   BACKGROUND OF CLAIMS AND ALLEGATIONS ........................................ 3

III.  LEGAL STANDARD ...................................................................... 5

IV.  ARGUMENT .............................................................................. 6

    A.    The Breach of Contract Is Contradicted by the Written Supplier
          Agreement. ........................................................................ 6

    B.    The Claim for Tortious Breach of the Implied Covenant of Good
          Faith and Fair Dealing is Precluded by California Law ...................... 9

    C.    Plaintiff's Misrepresentation Claims Do Not Satisfy Rule 9(b), Are
          Barred by the Economic Loss Doctrine, and the Negligent
          Misrepresentation Claim Is Improperly Based on an Alleged False
          Promise. ......................................................................... 11

          1.    The promissory fraud and negligent misrepresentation claims
                   do not satisfy Rule 9(b). .............................................. 11

          2.    The promissory fraud and negligent misrepresentation claims
                   are barred by the economic loss rule. .............................. 14

          3.    The negligent misrepresentation claim is improperly based on
                   the false promises alleged in the promissory fraud claim ......... 15

    D.    Plaintiff's UCL Claim Fails Because Plaintiff Alleges an Adequate
          Legal Remedy, and the Claim Is Wholly Conclusory. ...................... 16

          1.    Plaintiff alleges an adequate legal remedy. ....................... 16

          2.    Plaintiff cannot state a claim under the UCL because it does not
                   allege any "unlawful," "unfair," or "fraudulent" business
                   practices. ............................................................. 17

    E.    Plaintiff's Common Counts Fail Because They are Based on the Same
          Facts as the Deficient Contract Claims. ................................. 19

V.   CONCLUSION ........................................................................... 19

i

OC 287822050v4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*,
　No. 17-CV-03805-LHK, 2018 WL 1805516 (N.D. Cal. Apr. 16, 2018) ......................9

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..............................................................................................5

*Baba v. Hewlett-Packard Co.*,
　No. C 09-05946 RS, 2011 WL 317650 (N.D. Cal. Jan. 28, 2011) .............................18

*Baymiller v. Guar. Mut. Life Co.*,
　2000 WL 33774562 (C.D. Cal. Aug. 3, 2000) ...........................................................13

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ..............................................................................................5

*Bergman v. Fid. Nat'l Fin., Inc.*,
　No. 2:12-CV-05994-ODW, 2012 WL 4364327 (C.D. Cal. Sept. 24,
　2012) ...................................................................................................................18

*Bird v. First Alert, Inc.*,
　No. C 14-3585 PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ...........................17

*Bird v. First Alert, Inc.*,
　No. C 14-3585 PJH, 2015 WL 3750225 (N.D. Cal. June 15, 2015) ...........................19

*Boris v. Wal-Mart Stores, Inc.*,
　35 F. Supp. 3d 1163 (C.D. Cal. 2014) .....................................................................5

*Bullard v. Wastequip, Inc.*,
　No. CV-1401309-MMM-SS(x), 2014 WL 10987394 (C.D. Cal. Sept. 11,
　2014) ...................................................................................................................12

*Conroy v. Capital One, N.A.*,
　No. ED-cv-1401314-VA-PRZ(x), 2014 WL 12589627 (C.D. Cal. Dec.
　16, 2014) ...........................................................................................................6, 7

*Crane v. Fargo*,
　No. CV 13-01932 KAW, 2014 WL 1285177 (N.D. Cal. Mar. 24, 2014) ..................13

ii

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ................................................................18

*De La Torre v. Am. Red Cross*,
   No. CV 13-04302 DDP, 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013) ...............10

*Dunkel v. eBay Inc.*,
   No. 12-cv-01452, 2013 WL 415584 (N.D. Cal. Jan. 31, 2013) .........................7

*Eclectic Prop. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ...................................................................5

*Flores v. EMC Mortg. Co.*,
   997 F. Supp. 2d 1088 (E.D. Cal. 2014) ......................................................17

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1999) .....................................................11

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) .....................................................18

*Hibu Inc. v. Lawrence*,
   No. SA-cv-13-0333-DOC, 2013 WL 6190538 (C.D. Cal. Nov. 25, 2013)...........9

*Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*,
   No. 5:12-CV-06209-EJD, 2013 WL 3974537 (N.D. Cal. July 31, 2013)...........11

*JPM Secs. LLP v. Altair Nanotechnologies, Inc.*,
   880 F. Supp. 2d 1029 (N.D. Cal. 2012) .....................................................15

*Kassa v. BP West Coast Prods., LLC*,
   No. C-08-02725 RMW, 2008 WL 3494677 (N.D. Cal. Aug. 12, 2008)..............9

*McAdam v. State Nat'l Ins. Co.*,
   No. 12-CV-1333-BTM-MDD, 2012 WL 4364655 (S.D. Cal. Sept. 24,
   2012) ...............................................................................................16

*McKnight v. Torres*,
   563 F.3d 890 (9th Cir. 2009) .................................................................10

*Nevarez v. Citimortgage, Inc.*,
   No. ED-cv-1400871-VAP-SP(x), 2014 WL 12585791 (C.D. Cal. June
   16, 2014) ...........................................................................................9

iii

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Okada v. Bank of Am., N.A.*,
   No. SA-CV-15-00981-CJC (Ex), 2015 WL 5556937 (C.D. Cal. Sept. 16, 2015) .................................................................................................................11

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
   No. C. 09-00537 MHP, 2009 WL 2084154 (N.D. Cal. July 13, 2009).......................15

*Oxina v. Lands' End, Inc.*,
   No. 14-CV-2577-MMA NLS, 2015 WL 4272058 (S.D. Cal. June 19, 2015) .................................................................................................................19

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) ............................................................................5

*Schroeder v. U.S.*,
   569 F.3d 956 (9th Cir. 2009) ..........................................................................16

*Shapouri v. CitiMortgage, Inc.*,
   No. 12 Civ. 1133, 2012 WL 5285910 (S.D. Cal. Oct. 22, 2012) .................................5

*Sipe v. Countrywide Bank*,
   690 F. Supp. 2d 1141 (E.D. Cal. 2010) ...........................................................11

*Smith v. Allstate Ins. Co.*,
   160 F. Supp. 2d 1150 (S.D. Cal. 2001) ......................................................11, 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ............................................................................6

*Stewart v. Life Ins. Co. of N. Am.*,
   388 F. Supp. 2d 1138 (E.D. Cal. 2005) ...........................................................16

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ............................................................................5

*Switchboard, Inc. v. Pan. Jack, Inc.*,
   No. SACV-14-1412-DOC, 2014 WL 12688421 (C.D. Cal. Dec. 15, 2014) .................................................................................................................13

*Total Recall Techs. v. Luckey*,
   No. C 15-02281 WHA, 2016 WL 199796 (N.D. Cal. Jan. 16, 2016) .........................10

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
   117 F. Supp. 3d 1092 (C.D. Cal. 2015) ...........................................................14

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .............................................................................6

*Woods v. Google Inc.*,
   No. 11-cv-1263, 2011 WL 3501403 (N.D. Cal. Aug. 10, 2011)......................7

*Yost v. Nationstar Mortg., LLC*,
   No. 1:13-CV-00745-AWI, 2013 WL 4828590 (E.D. Cal. Sept. 9, 2013)...................13

*Zepeda v. PayPal*,
   777 F. Supp. 2d 1215 (N.D. Cal. 2011) ...........................................................9

**State Cases**

*Behnke v. State Farm Gen. Ins. Co.*,
   196 Cal. App. 4th 1443 (2011) .......................................................................13

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) .......................................................................19

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990) .......................................................................10

*Hadland v. NN Inv'rs Life Ins Co.*,
   23 Cal. App. 4th 1578 (1994) .........................................................................14

*Jeld-Wen, Inc. v. Superior Court*,
   131 Cal. App. 4th 853 (2005) .........................................................................15

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) ...........................................................................17

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) .................................................................................16

*Lambert v. S. Ctys. Gas Co. of Cal.*,
   52 Cal. 2d 347 (1959) .....................................................................................19

*Prudential Home Mortg. Co. v. Super. Ct.*,
   66 Cal. App. 4th 1236 (1998) .........................................................................16

*Smith v. State Farm Mut. Auto Ins. Co.*,
   93 Cal. App. 4th 700 (2001) ...........................................................................17

v

MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Spinks v. Equity Residential Briarwood Apartments,*
     171 Cal. App. 4th 1004 (2009) ........................................................... 9

*Tarmann v. State Farm Mut. Auto Ins. Co.,*
     2 Cal. App. 4th 153 (1991) ............................................................... 16

**State Statutes**

California Business & Professions Code § 17200 ................................ 1, 16, 17

**Rules**

Federal Rules of Civil PRocedure, Rule 8(a) ......................................... 9

Federal Rules of Civil Procedure, Rule 9(b) ................................... *passim*

Federal Rules of Civil Procedure, Rule 12(b)(6) .................................. 5, 6

vi

MOTION TO DISMISS FIRST AMENDED COMPLAINT

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   **INTRODUCTION**

Plaintiff is once again trying to rope Walmart into a dispute between Plaintiff and its sales agent, Defendant Faith Business Management Company, Inc. ("Faith").  That dispute, which the Court ordered to arbitration, relates to Faith's efforts to broker sales of Plaintiff's products to Walmart.  Plaintiff's initial Complaint alleged an "oral agreement" between Plaintiff and Walmart under which Walmart supposedly agreed to place ongoing orders with Plaintiff.  The Court dismissed the claims against Walmart and determined that the *written* supplier agreement between Plaintiff and Walmart ("Supplier Agreement"), which Plaintiff failed to mention in the Complaint, governs the relationship between the parties and precludes any claims based on Plaintiff's expectation of ongoing sales or future business with Walmart.

Plaintiff's First Amended Complaint ("FAC") cures none of the defects that the Court identified in dismissing the original Complaint.  The FAC merely rebrands the previously alleged oral agreement as an "order for merchandise" that led Plaintiff to believe Walmart would continue to place orders from February 2017 through March 2018.  The FAC alleges Walmart breached the Supplier Agreement by failing to meet Plaintiff's "expectations" about future orders.  Plaintiff further alleges that Walmart promised to continue to purchase Plaintiff's products, but secretly had no intention of doing so.  Despite Plaintiff's express acknowledgment—memorialized in the Supplier Agreement—that Walmart never intended to maintain a minimum purchase volume or commit to any future business with Plaintiff, the FAC asserts claims against Walmart for (i) breach of written contract; (ii) tortious breach of the implied covenant of good faith and fair dealing; (iii) promissory fraud; (iv) negligent misrepresentation; (v) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"); and (vi) derivative common counts for open book account, account stated, and goods sold and delivered.

1

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

The FAC's allegations against Walmart fail for several reasons:

**The Terms of the Supplier Agreement Contradict the Plaintiff's Contract Claim:** Like the Complaint before it, the FAC's allegations are contradicted by the terms of the Supplier Agreement. In dismissing the Complaint, the Court determined that Plaintiff "knew that Walmart had no intention of maintaining a minimum purchase volume" and "knew Walmart didn't want to purchase a minimum quantity of its product on an ongoing basis" based on the Supplier Agreement's terms. Yet the FAC's breach of contract claim is based on allegations that Walmart failed to meet Plaintiff's expectation of ongoing purchases. The breach of contract claim should be dismissed because the FAC fails to identify any contractual obligation in the Supplier Agreement that Walmart breached.

**California Does Not Permit Recovery in Tort for Breach of the Implied Covenant:** Plaintiff asserts a claim for "tortious breach of the implied covenant of good faith and fair dealing." But there is no such cause of action in California outside of the insurance context. The claim should be dismissed.

**Plaintiff's Promissory Fraud and Negligent Misrepresentation Allegations Do Not Satisfy the Heightened Pleading Requirements of Rule 9(b) and Contradict the Supplier Agreement:** Plaintiff's misrepresentation claims again fail to satisfy Rule 9(b) because Plaintiff never alleges where, to whom, or by what means the alleged misrepresentations were made or any specific facts showing that the alleged representations were false when made. Plaintiff also cannot allege facts establishing reasonable reliance because the alleged misrepresentations contradict the Supplier Agreement, and fraud claims cannot proceed based on alleged promises that contravene a written contract between the parties.

**The Promissory Fraud and Negligent Misrepresentation Claims Also Are Barred by the Economic Loss Rule:** Plaintiff alleges no harm as a result of the purported misrepresentations beyond failure to receive purchase orders and payments from Walmart. That is the same harm alleged in the claim for breach of contract. Claims

2

MOTION TO DISMISS FIRST AMENDED COMPLAINT

for fraud and negligent misrepresentation that consist of nothing more than a failure to make good on contractual promises are subject to dismissal under the economic loss rule.

**Plaintiff Cannot State a UCL Claim:**  The UCL provides only for equitable relief.  It is axiomatic that equitable relief is unavailable where a plaintiff has an adequate remedy at law.  Here, Plaintiff has not and cannot allege facts showing that it lacks an adequate legal remedy, because it affirmatively alleges entitlement to actual damages. The UCL claim should be dismissed on this basis alone.  The UCL claim also fails because Plaintiff still alleges no facts demonstrating any "unfair," "unlawful," or "fraudulent" conduct within the meaning of the statute.

**Common Counts Wholly Duplicative:**  Plaintiff's common counts for open book account, account stated, and goods sold and delivered duplicate Plaintiff's defective contract claims and should be dismissed for the same reasons.

For all these reasons, and as explained more fully below, this motion to dismiss should be granted and all of Plaintiff's claims against Walmart dismissed.

## II.   BACKGROUND OF CLAIMS AND ALLEGATIONS

Plaintiff manufactures and sells undergarments for men designed to make the wearer appear slimmer.  (FAC ¶ 7.)  On October 3, 2013, Plaintiff and Walmart entered into a written supplier agreement ("Supplier Agreement") under which Plaintiff would supply Walmart with the undergarments upon receipt of purchase orders, which would specify the quantity requested and timing for shipment.  (FAC Ex. A [Supplier Agreement] at p.1 & ¶ 12.)  There were no minimum requirements, and Walmart had no obligation to continue to place orders through any certain date.  (*Id.* ¶ 34.)

In June 2014, to facilitate Plaintiff's sales of the undergarments to national retailers like Walmart, Plaintiff retained Faith as its exclusive sales agent.  (FAC ¶¶ 10-11.) Under this agreement, Plaintiff agreed to pay Faith a commission of five percent of the gross sales for all products sold by Faith in the relevant territory.  (FAC Ex. B [Exclusive Broker Agreement] ¶ 4.1.)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

In or around September 2017, a dispute arose between Plaintiff and Faith regarding payment of sales commissions.  Faith initiated an arbitration before JAMS to resolve that dispute under Plaintiff's and Faith's Exclusive Broker Agreement.  (Dkt. No. 9-7 [Nov. 6, 2017 email from Faith's counsel to Plaintiff enclosing Demand for Arbitration].)  Plaintiff's counsel renounced the arbitration clause in the Exclusive Broker Agreement and filed this lawsuit against Faith, as well as Walmart.  (Dkt. No. 9-10 [Dec. 5, 2017 email from Plaintiff's counsel].)[1]  The Court granted Faith's motion to compel arbitration and Walmart's motion to dismiss the Complaint.  (Dkt. No. 22 [Mar. 26, 2018 Order].)

According to the FAC, Plaintiff kept extra inventory on-hand in reliance on a purchase order "made orally by WAL-MART" in February 2017 "of two specific items manufactured by Plaintiff which WAL-MART agreed to carry in its stores until about March of 2018."  (FAC ¶ 43.)  Plaintiff alleges that Walmart breached the Supplier Agreement by "fail[ing] to carry the 2 items ordered in February of 2017 from Plaintiff in its stores until March of 2018."  (FAC ¶ 44.)  This is precisely the scenario that the Supplier Agreement contemplated and attempted to avoid by stating that "[Plaintiff] should never assume that [Walmart] will issue Orders for specific volumes, if any, of Merchandise, *even if [Plaintiff's] impression is based on discussions [Plaintiff] may have had with [Walmart] representatives.*"  (FAC Ex. A ¶ 34.)

Plaintiff alleges in conclusory fashion that Walmart violated the Supplier Agreement in several additional, related ways, including by "failing to cancel the orders that it had already placed," "failing to give written notice of termination of the AGREEMENT," "[n]on-payment for products ordered and received," and "improper deduction from payments owed" related to the alleged February 2017 purchase order.  (FAC ¶ 44.)  As discussed below, the Supplier Agreement imposed none of these alleged obligations on Walmart and expressly authorized several of the "breaches" about which Plaintiff complains.  Nonetheless, Plaintiff asserts claims against Walmart for breach of

---

[1] Docket Entry Nos. 9 through 9-11 are Faith's Motion to Compel Arbitration and the accompanying Declaration of Brian O'Toole with its exhibits.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

contract, tortious breach of the implied covenant of good faith and fair dealing, promissory fraud, negligent misrepresentation, violation of the UCL, and common counts for open book account, account stated, and goods sold and delivered.  (FAC ¶¶ 37-51, 59-86, 109-117, 121-131.)

### III.   <u>LEGAL STANDARD</u>

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and is insufficient to state a claim for relief. *Eclectic Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Additionally, Rule 9(b) imposes a heightened pleading standard to claims sounding in fraud.  For those claims, Plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Here, Plaintiff must meet this higher pleading standard with respect to its claims for promissory fraud, negligent misrepresentation, and violations of the UCL.  *See Shapouri v. CitiMortgage, Inc.*, No. 12 Civ. 1133, 2012 WL 5285910, at *4 (S.D. Cal. Oct. 22, 2012) ("Citi correctly notes that Plaintiffs' claim for negligent misrepresentation is subject to Rule 9(b)'s heightened pleading requirement."); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1174 (C.D. Cal. 2014) ("Rule 9(b) applies to claims under California's consumer protection statutes when such claims are 'grounded in fraud' or 'sound in fraud.'") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009)).  Factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.

5

MOTION TO DISMISS FIRST AMENDED COMPLAINT

2007); *see also Kearns*, 567 F.3d at 1124 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

Although review on a motion to dismiss under Rule 12(b)(6) generally is confined to the complaint, the Court may consider documents attached to or incorporated by reference into a complaint where neither party disputes authenticity. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

## IV.   <u>ARGUMENT</u>

### A.   **The Breach of Contract Is Contradicted by the Written Supplier Agreement.**

Plaintiff's breach of contract claim fails because it is contradicted by the express terms of the written Supplier Agreement between Plaintiff and Walmart attached to the FAC as Exhibit A.  "'[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations.'" *Conroy v. Capital One, N.A.*, No. ED-cv-1401314-VA-PRZ(x), 2014 WL 12589627, at *4 (C.D. Cal. Dec. 16, 2014) (quoting *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir. 2002)); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

The Supplier Agreement governs Plaintiff's relationship with Walmart, including "[a]ll sales and deliveries of Merchandise … by [Plaintiff] to [Walmart]," i.e., all of the alleged conduct underlying Plaintiff's claims against Walmart.  (FAC Ex. A at p. 1.)  The Supplier Agreement is fatal to the contract claims for two reasons.

**First**, Plaintiff alleges it "kept inventory on hand based on WAL-MART's history of ordering and requirements."  (FAC ¶ 42.)  But Plaintiff agreed that "[p]rojections, past purchasing history and representations about quantities to be purchased are not binding, and Company shall not be liable for any act or expenditure (including but not limited to expenditures for equipment, labor, materials, packaging or capital expenditures) by Supplier in reliance on them."  (FAC ¶ 38.)

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

Plaintiff also alleges that it relied on orders Walmart placed in February 2017 "orally...for the provision by Plaintiff of two specific items manufactured by Plaintiff which WAL-MART agreed to carry in its stores until about March of 2018." (FAC ¶ 43.) The Supplier Agreement contradicts this allegation because Plaintiff expressly agreed it would not rely on any representations about future or ongoing orders: "No person has authority, on [Walmart's] behalf, to make any representations or promises to Supplier of any expected or possible level of business with Supplier …. Supplier should never assume that [Walmart] will issue Orders for specific volumes, if any, of Merchandize, even if Supplier's impression is based on discussions Supplier may have had with [Walmart] representatives." (FAC Ex. A ¶ 34.)

The Court previously ruled that, based on the Supplier Agreement, Plaintiff "knew that Walmart had no intention of maintaining a minimum purchase volume" and "knew Walmart didn't want to purchase a minimum quantity of its product on an ongoing basis." (Dkt. No. 22 [Order on MTD] at 9.) Because Walmart had no obligation to continue to place orders, Walmart could not have breached the Supplier Agreement by discontinuing the orders. The Supplier Agreement's statement that no one at Walmart had authority to make promises or representations about ongoing orders or minimum purchases trumps Plaintiff's allegations to the contrary. *See Conroy*, 2014 WL 12589627, at *4 (dismissing breach of contract claim with prejudice where agreement attached to pleading "contradicts the allegations of the SAC").

**Second**, the Supplier Agreement establishes that Walmart had none of the obligations that the FAC alleges Walmart failed to perform. To sufficiently allege a claim for breach of contract, the plaintiff must identify language in the contract that imposes the sued-upon obligation on the defendant. *See Woods v. Google Inc.*, No. 11-cv-1263, 2011 WL 3501403, at *3 (N.D. Cal. Aug. 10, 2011) ("Woods has not pled adequately that the language created legal obligations that Google is alleged to have breached."); *Dunkel v. eBay Inc.*, No. 12-cv-01452, 2013 WL 415584, at *9 (N.D. Cal. Jan. 31, 2013) ("While Plaintiffs include a laundry list of complaints regarding

7

MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant's alleged breach, they fail to show what provision, if any of the [alleged contract] created a duty covering Defendant's actions or prohibited any of Defendant's alleged conduct.").

Plaintiff claims Walmart breached the agreement by:

- Returning merchandise "without providing a reason for the return as required per clause 6 of the Appendix to the Agreement." (FAC ¶ 44(a).) No such requirement appears anywhere in the Agreement or its appendix. To the contrary, "no prior approval by, or notice to, Supplier is required prior to any return to Supplier of Returned Merchandise." (FAC Ex. A at Appendix ¶ 6.)

- "Fail[ing] to cancel the orders that it has already placed with Plaintiff and which Plaintiff had already manufactured." (FAC ¶ 44(b).) Nothing in the Agreement requires Walmart to cancel orders.

- "Fail[ing] to give written notice of termination of the AGREEMENT to Plaintiff." (FAC ¶ 44(c).) The FAC does not allege Walmart terminated the Agreement, and written notice of termination is not required in any event. (FAC Ex. A ¶ 29.)

- "Fail[ing] to carry the 2 items ordered in February of 2017 from Plaintiff in its stores until March 2018 without providing a basis for discontinuing the order as required per clause 6 of the Appendix to the Agreement." (FAC ¶ 44(d).) As discussed above, Walmart had no obligation to make ongoing purchases, nor any obligation to explain its decision to discontinue any orders. (FAC Ex. A ¶ 2 ["[Walmart] may cancel any or all of any part of an Order at any time prior to shipment."].)

- "Non-payment for products ordered and received and improper deduction from payments owed to Plaintiff for merchandise ordered and received." (FAC ¶ 44(e.) Again, Walmart had no obligation to pay for merchandise Plaintiff may have shipped in anticipation of continuing orders. (FAC Ex. A ¶ 2.) And Plaintiff provides no facts supporting the vague allegation about "products

8

OC 287822050v4

ordered" and allegedly not paid for, nor any facts describing the "improper deductions."  Therefore, the FAC does not adequately allege a breach under Rule 8(a).  *See Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *14 (N.D. Cal. Apr. 16, 2018) (dismissing breach of contract for "failure to plead sufficient factual support under Rule 8(a)" where "conclusory allegation of unauthorized sales to third parties is 'not enough to raise a right to relief beyond the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In short, the FAC fails to identify any breach of the Agreement by Walmart, and the contract claim should be dismissed.  *See Hibu Inc. v. Lawrence*, No. SA-cv-13-0333-DOC, 2013 WL 6190538, at *3 (C.D. Cal. Nov. 25, 2013) (dismissing breach of contract claim where plaintiff "bases its breach of contract action 'on an instrument in writing, [but] the writing [does not express] the obligation sued upon.'") (quoting *Miron v. Heralbife Int'l, Inc.* 11 F. App'x 927, 929 (9th Cir. 2001)); *Zepeda v. PayPal*, 777 F. Supp. 2d 1215, 1220 (N.D. Cal. 2011) (dismissing breach of contract claim because plaintiffs failed to identify any provision in agreement prohibiting defendant's alleged conduct and agreement included provisions expressly permitting defendant's conduct).

## B.   The Claim for Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing is Precluded by California Law.

Plaintiff alleges a claim for tortious for breach of the implied covenant of good faith and fair dealing.  But "California does not recognize tortious breach of the implied covenant of good faith outside of the insurance context."  *Kassa v. BP W. Coast Prods., LLC*, No. C-08-02725 RMW, 2008 WL 3494677, at *6 (N.D. Cal. Aug. 12, 2008); *see Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1054 (2009) ("[W]ith the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits recovery solely in contract."); *Nevarez v. Citimortgage, Inc.*, No. ED-cv-1400871-VAP-SP(x), 2014 WL 12585791, at *3, n. 1 (C.D. Cal. June 16, 2014) (dismissing "tort claim for breach of implied covenant of good faith and fair

9

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  dealing … on the basis that the tort is limited to the insurance context.").  Therefore,

2  Plaintiff's implied covenant claim should be dismissed.

3         Even if Plaintiff sought to recover in contract (rather than tort) for breach of the

4  implied covenant, the claim would fail for two additional reasons.  First, it is redundant

5  of the breach of contract claim.  "[A]bsent those limited cases where a breach of a

6  consensual contract term is not claimed or alleged, the only justification for asserting a

7  separate cause of action for breach of the implied covenant is to obtain a tort recovery."

8  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

9  Because Plaintiff asserts a breach of contract claim (albeit insufficiently alleged), and

10  there is no tort recovery available here, Plaintiff's claim for a breach of the implied

11  covenant is surplusage and should be dismissed.  *See De La Torre v. Am. Red Cross*, No.

12  CV 13-04302 DDP JEM(x), 2013 WL 5573101, at *4 (C.D. Cal. Oct. 9, 2013)

13  (dismissing implied covenant claim where complaint included claim for breach of

14  contract and no tort recovery available for implied covenant claim); *Total Recall Techs.*

15  *v. Luckey*, No. C 15-02281 WHA, 2016 WL 199796, at *6 (N.D. Cal. Jan. 16, 2016)

16  (dismissing implied covenant claim based on "alleged false promise to perform under the

17  contract" as duplicative of contract claim where no tort recovery available for implied

18  covenant claim).

19         Second, Plaintiff's allegations regarding the implied covenant fail because they

20  seek to impose obligations inconsistent with the Supplier Agreement.  The implied

21  covenant of good faith and fair dealing is "limited to assuring compliance with the

22  express terms of the contract, and cannot be extended to create obligations not

23  contemplated by the contract."  *McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009).

24  Here, Plaintiff alleges Walmart breached the implied covenant by (i) "giving assurances

25  and representations of continued business" resulting in Plaintiff holding excess inventory;

26  (ii) "representing to Plaintiff that it would pay and reimburse Plaintiff for unused

27  inventory" and then failing to pay; and (iii) "forcing Plaintiff into its 'markdown'

28  program."  (FAC ¶ 49.)

10

MOTION TO DISMISS FIRST AMENDED COMPLAINT

As shown, Plaintiff agreed not to rely on any representations of continued business or ongoing purchases, which would include purchasing "unused inventory."  (FAC Ex. A ¶ 34.)  As to Plaintiff's conclusory allegation that it was "forced" into an unspecified "markdown program," Plaintiff alleges no facts connecting this "program" to any provision in the Supplier Agreement or explaining how Walmart prevented Plaintiff from receiving the benefits of the Supplier Agreement.  Accordingly, Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing.  *See Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1161 (E.D. Cal. 2010) (dismissing implied covenant claim with prejudice where "Plaintiff has not alleged any conduct … that frustrated Plaintiff's rights to the benefits of any express provision in [the] contract."); *Integrated Storage Consulting Servs., Inc. v. NetApp, Inc.*, No. 5:12-CV-06209-EJD, 2013 WL 3974537, at *7-8 (N.D. Cal. July 31, 2013) (dismissing implied covenant claim as "superfluous with [plaintiff's] claims for breach of contract" and because claim "impose[d] an obligation that is inconsistent with the Agreements' actual terms.").

**C.    Plaintiff's Misrepresentation Claims Do Not Satisfy Rule 9(b), Are Barred by the Economic Loss Doctrine, and the Negligent Misrepresentation Claim Is Improperly Based on an Alleged False Promise.**

1.    The promissory fraud and negligent misrepresentation claims do not satisfy Rule 9(b).

"Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)."  *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).  Under Rule 9(b), fraud allegations must include "facts which show how, when, where, to whom, and by what means the [false] representations were tendered."  *Okada v. Bank of Am., N.A.*, No. SA-CV-15-00981-CJC (Ex), 2015 WL 5556937, at *3 (C.D. Cal. Sept. 16, 2015).  The plaintiff must also "plead facts explaining why the statement was false when it was made."  *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001).

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4

The FAC's misrepresentation claims fail to satisfy Rule 9(b) for at least three reasons:  (1) the FAC fails to plead specific facts regarding the circumstances of the alleged misrepresentations; (2) the Supplier Agreement precludes Plaintiff from alleging facts demonstrating reasonable reliance; and (3) Plaintiff has not alleged facts establishing that the alleged misrepresentations were false when made.

**First**, Plaintiff fails to sufficiently allege where, to whom, or by what means Walmart made the alleged misrepresentations.  Instead, Plaintiff offers these allegations:

- "On or about" February 2017, a Walmart employee "represented to Plaintiff by way of Plaintiff's authorized representative that WAL-MART would carry items numbered # 55431144 and # 55431147 in its stores until March of 2018."  (FAC ¶ 61);

- "On or about September 7, 2017," the same Walmart employee "represented to Plaintiff's employee Houshang Jalili that WAL-MART would purchase the remainder of the inventory of items numbered # 55431144 and # 55431147 and would also reimburse Plaintiff for the unauthorized return of other merchandise."  (FAC ¶¶ 72, 81); and

- "Between September 8, 2017, and September 19, 2017," the same Walmart employee "assured Plaintiff that the purchase of the remaining inventory of items numbered # 55431144 and # 55431147 would take place, as well as reimbursement for the unauthorized merchandise returns."  (FAC ¶¶ 74, 83.)

These allegations do not satisfy Rule 9(b).  Were the representations made in person, over the phone, by email?  Who were the first and third representations made to? What specifically was said?[2]  Without specific facts answering these questions, the FAC

---

[2] Tellingly, although the FAC purports to quote directly from communications between Plaintiff, Faith, and Walmart, Plaintiff fails to quote any promise by Walmart.  The *only* alleged statement attributed to Walmart anywhere in the FAC is:  "I am not too worried. If this persist [sic] let me know."  (FAC ¶ 64.)  That statement—allegedly made to Faith's representative, not Plaintiff—is not a promise at all, and it cannot support a claim for promissory fraud because there is nothing to be performed.  *See Bullard v. Wastequip, Inc.*, No. CV-1401309-MMM-SS(x), 2014 WL 10987394, at *5 (C.D. Cal. Sept. 11,

12

does not satisfy Rule 9(b).  *See Switchboard, Inc. v. Pan. Jack, Inc.*, No. SACV-14-1412-DOC (ANx), 2014 WL 12688421, at *5 (C.D. Cal. Dec. 15, 2014) ("Because Plaintiffs have not alleged 'who, what, when, where, and why' of the alleged misrepresentations, Plaintiffs have not adequately stated a claim for negligent misrepresentation.").

**Second**, Plaintiff cannot allege facts establishing reasonable reliance, because the alleged misrepresentations contradict the Supplier Agreement, and "a fraud claim may not consist of promises that run counter to the written contract."  *Crane v. Fargo*, No. CV 13-01932 KAW, 2014 WL 1285177, at *6 (N.D. Cal. Mar. 24, 2014); *see Baymiller v. Guar. Mut. Life Co.*, 2000 WL 33774562, at *4 (C.D. Cal. Aug. 3, 2000) (dismissing fraud claim with prejudice because "there cannot be reasonable reliance upon misrepresentations or a failure to disclose that are contradicted by the express language of the insurance contracts").[3]  As a party to the Supplier Agreement, Plaintiff "knew that Walmart had no intention of maintaining a minimum purchase volume" and "knew Walmart didn't want to purchase a minimum quantity of its product on an ongoing basis."  (Dkt. No. 22 [Order on MTD] at 9.)  Plaintiff expressly waived reliance on any representations that Walmart "will issue Orders for specific volumes, if any, of Merchandise, even if [Plaintiff's] impression is based on discussions [Plaintiff] may have had with [Walmart] representatives" and agreed that "[p]rojections, past purchasing history and representations about quantities to be purchased are not binding … and

---

2014) ("In the context of a promissory fraud claim, alleging why the promise was false when made entails pleading facts from which it can be inferred that the defendant had no intention of performing at the time the promise was made.").

[3] Justifiable reliance is an element of both promissory fraud and negligent misrepresentation.  *See Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1453 (2011) ("The elements of promissory fraud … are: … (4) reasonable reliance by the promisee"); *Yost v. Nationstar Mortg., LLC*, No. 1:13-CV-00745-AWI, 2013 WL 4828590, at *8 (E.D. Cal. Sept. 9, 2013) ("The elements of negligent misrepresentation are: … '(4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed.'") (quoting *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986)).

13

MOTION TO DISMISS FIRST AMENDED COMPLAINT

[Walmart] shall not be liable for any act or expenditure … by [Plaintiff] in reliance on them." (FAC Ex. A ¶¶ 2, 34.) Therefore, Plaintiff could not have relied on the alleged representations in the FAC. *See Hadland v. NN Inv'rs Life Ins. Co.*, 24 Cal. App. 4th 1578, 1587-89 (1994) (finding reliance upon representations that contradicted express terms of contract unreasonable as matter of law).

**Third**, Plaintiff also fails to adequately allege why Walmart's representations were false when made. To satisfy Rule 9(b), "alleging why the promise was false when made requires pleading facts from which it can be inferred that the promisor had no intention of performing at the time the promise was made." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015). Here, Plaintiff alleges "the falsity of WAL-MART's representations came to light" when Plaintiff received an e-mail from Faith stating Walmart "decided not to move forward with the items past the August modular…." (FAC ¶ 67) and "when WAL-MART decided not to reimburse Plaintiff or purchase the remaining inventory of items numbered # 55431144 and # 55431147." (FAC ¶¶ 75, 81.) In other words, Plaintiff alleges that Walmart's misrepresentations were false when made because the promises were not performed. But "[m]ere nonperformance of a promise does not suffice to show the falsity of the promise." *UMG*, 117 F. Supp. 3d at 1108; *see Smith*, 160 F. Supp. 2d at 1153 ("[P]laintiff is precluded from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when made.").

2. <u>The promissory fraud and negligent misrepresentation claims are barred by the economic loss rule.</u>

Plaintiff's promissory fraud and misrepresentation claims also are barred by the economic loss rule, which "generally bars tort claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'" *UMG*, 117 F. Supp. 3d at 1103 (quoting *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009)). The claims fail because Plaintiff alleges no harm as a

14

MOTION TO DISMISS FIRST AMENDED COMPLAINT

result of the purported misrepresentations beyond failure to receive purchase orders and payments from Walmart.  (FAC ¶¶ 70, 77, 86.)  *See Oracle USA, Inc. v. XL Glob. Servs., Inc.*, No. C. 09-00537 MHP, 2009 WL 2084154, at *6 (N.D. Cal. July 13, 2009) (promissory fraud claim barred by economic loss rule because "[t]he only harm to Oracle was its failure to receive payment"); *JPM Secs. LLP v. Altair Nanotechnologies, Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (negligent misrepresentation claim barred by economic loss doctrine where claim "consist[ed] of nothing more than [defendants'] alleged failure to make good on its contractual promises").

> 3.   <u>The negligent misrepresentation claim is improperly based on the false promises alleged in the promissory fraud claim.</u>

The Court previously dismissed the negligent misrepresentation claim because "[a] false promise claim requires proving intent, which 'precludes pleading a false promise as a negligent misrepresentation claim.'"  (Dkt. No. 22 [Order on MTD] at 10 (quoting *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991).)  The FAC suffers from the same problem, i.e., "Plaintiff pleads a false promise as a negligent misrepresentation claim."  (Dkt. No. 22 [Order on MTD] at 10.)  The FAC alleges that Walmart "represented to Plaintiff's employee Houshang Jalili that WAL-MART would purchase the remainder of the inventory of items numbered # 55431144 and # 55431147 and would also reimburse Plaintiff for the unauthorized return of other merchandise" and "assured Plaintiff that the purchase of the remaining inventory of items … would take place, as well as reimbursement for the unauthorized merchandise returns."  (FAC ¶¶ 81, 83.)[4]  These alleged representations are identical to the misrepresentations in Plaintiff's

---

[4] The negligent misrepresentation claim also includes the irrelevant and false allegation that Plaintiff and Walmart were in a "joint venture relationship."  (FAC ¶ 80.)  Though the assertion hardly merits a response, Plaintiff does not and cannot allege the elements of a joint venture:  "the members must have joint control over the venture …, they must share the profits of the undertaking, and the members much each have an ownership interest in the enterprise."  *Jeld-Wen, Inc. v. Superior Court*, 131 Cal. App. 4th 853, 872 (2005).  Plaintiff does not (and could not truthfully) allege that it has any control over Walmart, shares Walmart's profits, or has any ownership interest in Walmart.

MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   promissory fraud claim.  (*See* FAC ¶¶ 72, 74.)  The Court should again dismiss the

2   negligent misrepresentation claim and decline "to establish a new type of actionable

3   deceit: the negligent false promise."  *Tarmann*, 2 Cal. App. 4th at 159.

4   **D.    Plaintiff's UCL Claim Fails Because Plaintiff Alleges an Adequate Legal**

5   **       Remedy, and the Claim Is Wholly Conclusory.**

6   　　　　1.    <u>Plaintiff alleges an adequate legal remedy.</u>

7   　　　　The UCL only provides for equitable remedies.  *See Korea Supply Co. v. Lockheed*

8   *Martin Corp*., 29 Cal. 4th 1134, 1144 (2003) (UCL provides only equitable relief).  It is

9   black-letter law that equitable relief is unavailable where the plaintiff has an adequate

10  legal remedy.  *See Prudential Home Mortg. Co. v. Super. Ct.,* 66 Cal. App. 4th 1236,

11  1249-50 (1998) (striking plaintiff's request for equitable relief under Bus. & Prof. Code §

12  17200, because legal remedies under Civil Code were adequate); *Stewart v. Life Ins. Co.*

13  *of N. Am*., 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) (plaintiff not entitled to recover

14  restitution under UCL where plaintiff claimed breach of contract).

15  　　　　Plaintiff here does not, and cannot, plead that it lacks an adequate legal remedy.

16  The FAC seeks actual damages and alleges no facts showing that damages are

17  inadequate.  (*See* FAC ¶ 19 ("[A]s a result of FAITH and WAL-MART's respective

18  conduct, Plaintiff has sustained hundreds of thousands of dollars in revenue and

19  inventory damages and loss"); ¶ 40 ("[A]s a consequence of WAL-MART's breach of

20  the AGREEMENT, Plaintiff has sustained no less than $500,000 in compensatory

21  damages"); ¶ 50 ("Plaintiff has sustained compensatory damages in a sum not less than

22  $500,000); ¶ 70 (same); ¶ 77 (same); ¶ 86 (same); Prayer for Relief (praying for

23  judgment "[f]or compensatory damages in a sum not less than $500,000").)

24  　　　　Equitable relief is not available here, and Plaintiff's UCL claim should be

25  dismissed.  *See, e.g.*, *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009) (affirming

26  denial of quiet title, where adequate compensatory remedy existed); *McAdam v. State*

27  *Nat'l Ins. Co.*, No. 12-CV-1333-BTM-MDD, 2012 WL 4364655, at *3 (S.D. Cal. Sept.

28  24, 2012) (dismissing UCL claim with prejudice where plaintiff "has an adequate legal

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1  remedy in the form of his breach of contract claim and does not have a legitimate claim

2  for injunctive relief or restitution"); *Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014

3  WL 7248734, at *6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim where plaintiff

4  alleged damages under CLRA).

5          2.   <u>Plaintiff cannot state a claim under the UCL because it does not allege any</u>

6                 <u>"unlawful," "unfair," or "fraudulent" business practices.</u>

7       The UCL includes three prongs, prohibiting any (a) unlawful, (b) unfair, or (c)

8  deceptive/fraudulent business act or practice.  Cal. Bus. & Prof. Code § 17200.  The FAC

9  purports to invoke all three theories.  But as explained below, the FAC does not state a

10  claim under any of the UCL's prongs.

11       *Plaintiff Does Not Allege "Unlawful" Conduct*.  To plead a UCL claim based on

12  an unlawful practice, Plaintiff must allege facts demonstrating a violation of some

13  underlying law.  *See Smith v. State Farm Mut. Auto Ins. Co.*, 93 Cal. App. 4th 700, 718

14  (2001) (where plaintiff cannot state claim  under "borrow[ed]" law, she cannot state UCL

15  claim either).  Plaintiff's UCL claim does not point to any alleged violation of some

16  underlying law.  This alone is grounds for dismissal of a UCL claim predicated on

17  "unlawful" conduct.  *See Khoury v. Maly's of Cal., Inc*. 14 Cal. App. 4th 612, 619-20

18  (1993) (sustaining demurrer without leave to amend where plaintiff neither identified

19  specific section of law allegedly violated nor pleaded with any reasonable particularity

20  facts supporting underlying violations).  To the extent the claim is predicated on

21  Walmart's alleged breach of contract, breach of the implied covenant, promissory fraud,

22  or negligent misrepresentation, the UCL claim fails because Plaintiff cannot state those

23  underlying violations for all the reasons discussed above.

24       *Plaintiff Does Not Allege "Unfair" Conduct.*  A business practice is "unfair" when

25  it "offends an established public policy or when the practice is immoral, unethical,

26  oppressive, unscrupulous, or substantially injurious to consumers."  *See Flores v. EMC*

27  *Mortg. Co.*, 997 F. Supp. 2d 1088, 1118-19 (E.D. Cal. 2014).  A plaintiff asserting a

28  claim under the "unfairness" prong of the UCL "must state with reasonable particularity

17

MOTION TO DISMISS FIRST AMENDED COMPLAINT

the facts" supporting the claim.  *Id.* (dismissing UCL claim for failure to plead facts establishing "unfairness").  Conclusory allegations and formulaic recitals of "unfairness" are insufficient.  *Bergman v. Fid. Nat'l Fin., Inc.*, No. 2:12-CV-05994-ODW (MANx), 2012 WL 4364327, at *5 (C.D. Cal. Sept. 24, 2012) (dismissing UCL claim predicated on unfairness prong, because "plaintiff has not alleged sufficient factual matter").

Plaintiff here generally alleges that Walmart's business practices were "immoral, unscrupulous, unethical and offensive, or cause substantial injury to consumers."  (FAC ¶ 112.)  But this type of vague "unfairness" allegation does not state any claim.  *See Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2011 WL 317650, at *6 (N.D. Cal. Jan. 28, 2011) (dismissing UCL claim where plaintiffs "merely state their claim in conclusory fashion"); *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1146 (N.D. Cal. 2013) (dismissing "unfair" UCL claim based on defendant's use of allegedly "unconscionable" "adhesion contracts," because plaintiff could not tether defendant's conduct to any underlying statute or legislative policy).  Nor are there any allegations in the FAC suggesting the possibility of harm to "consumers" or anyone other than Plaintiff.

*Plaintiff Does Not Allege "Fraudulent" Conduct.*  A business practice is deemed "fraudulent" under the UCL if "members of the public are likely to be deceived."  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (dismissing UCL claim where plaintiff failed to plausibly allege advertisements at issue were deceptive).  As shown, these allegations sound in fraud and therefore, must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires Plaintiff to "state with particularity the circumstances constituting fraud."  The FAC comes nowhere close to meeting this standard, vaguely alleging that Walmart engaged in "acts and practices [that] had a tendency and likelihood to deceive Plaintiff and the general public."  (FAC ¶ 113.)  As discussed above, Plaintiff alleges virtually no facts describing the manner in which Walmart's "misrepresentations" were made, to whom they were made, where they were made or why they were false when made.  Additionally, Plaintiff never alleges that Walmart engaged in any conduct that could affect the general public.  Without these

18

MOTION TO DISMISS FIRST AMENDED COMPLAINT

facts, Plaintiff's UCL claim fails to satisfy Rule 9(b)'s particularity requirement and must be dismissed.  *See Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2015 WL 3750225, at *6 (N.D. Cal. June 15, 2015) (dismissing UCL claim where plaintiff failed to plead specific facts concerning defendant's alleged failure to make adequate disclosures); *Oxina v. Lands' End, Inc.*, No. 14-CV-2577-MMA NLS, 2015 WL 4272058, at *9 (S.D. Cal. June 19, 2015) (dismissing  UCL claim based on "fraudulent practices," where complaint "provides no factual detail as to any [] allegedly fraudulent business practices").

**E.     Plaintiff's Common Counts Fail Because They are Based on the Same Facts as the Deficient Contract Claims.**

The Court dismissed Plaintiff's common count claims for open book account, account stated, and goods sold and delivered fail because Plaintiff "[pled] no additional facts separating its common count claims from its other (now dismissed) claims."  (Dkt. No. 22 [Order on MTD] at 11.)  The FAC's common count claims are likewise duplicative of and based on the same insufficient facts as the defective contract and misrepresentations claims.  *See Lambert v. S. Ctys. Gas Co. of Cal.*, 52 Cal. 2d 347, 353 (1959) (common counts "premised on detailed factual allegations in another count must stand or fall with the other count"); *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1559 (2007) (dismissing common count of money had and received where claim was "used as an alternative way of seeking the same recovery demanded in a specific cause of action").

**V.     <u>CONCLUSION</u>**

For all the foregoing reasons, this Motion to Dismiss should be granted.


Respectfully submitted,

DATED:  April 30, 2018          GREENBERG TRAURIG, LLP

By     */s/ Robert J. Herrington*
Robert J. Herrington
Attorneys for Defendant,
WAL-MART STORES, INC.

19

MOTION TO DISMISS FIRST AMENDED COMPLAINT

OC 287822050v4