GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Email: herringtonr@gtlaw.com
Robert S. Freund (SBN 287566)
Email: freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant,
WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| BUY INSTA SLIM, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>FAITH BUSINESS MANAGEMENT COMPANY, INC., a Corporation doing business as NATIONAL DIRECT SALES & MARKETING; WAL-MART STORES, INC., a Corporation doing business as WAL-MART; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO. 8:18-cv-00011 AG (KESx)<br><br>**DEFENDANT WALMART INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Action Filed:     December 5, 2017<br>Action Removed: January 5, 2018 |

1      Defendant Walmart Inc., formerly known as Wal-Mart Stores, Inc. ("Walmart"),
2  by and through its attorneys of record, hereby responds to the allegations of the Second
3  Amended Complaint filed by Plaintiff Buy Insta Slim, Inc. ("Plaintiff") in this action as
4  follows:
5      1.    Walmart lacks sufficient information to form a belief as to the truth of the
6  allegations in paragraph 1 and therefore denies those allegations.
7      2.    Walmart admits that Plaintiff's claims against Defendant Faith Business
8  Management Company are stayed pending arbitration.  Walmart lacks sufficient
9  information to form a belief as to the truth of the remaining allegations in paragraph 2
10 and therefore denies those allegations.
11     3.    Walmart avers that it is authorized to do business in California but denies
12 the remaining allegations in paragraph 3.
13     4.    To the extent the allegations in paragraph 4 set forth one or more legal
14 conclusions, they require no response.  Subject to the foregoing, Walmart lacks sufficient
15 information to form a belief as to the truth of the allegations in paragraph 4 and therefore
16 denies those allegations.
17     5.    To the extent the allegations in paragraph 5 set forth one or more legal
18 conclusions, they require no response.  Subject to the foregoing, Walmart states that it is
19 not challenging venue or the Court's jurisdiction.  Walmart denies that Plaintiff has any
20 claim against it and denies any remaining allegations in paragraph 5.
21     6.    To the extent the allegations in paragraph 6 set forth one or more legal
22 conclusions, they require no response.  Subject to the foregoing, Walmart avers that the
23 Court granted Plaintiff leave to file its Second Amended Complaint following dismissal
24 of the First Amended Complaint.  Walmart denies any remaining allegations in paragraph
25 6.
26     7.    Walmart admits that Plaintiff has supplied it product.  Walmart lacks
27 sufficient information to form a belief as to the truth of the remaining allegations in
28 paragraph 7 and therefore denies those allegations.

8. To the extent the allegations in paragraph 8 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart admits that it entered a written agreement with Plaintiff dated October 3, 2013 (the "Agreement") but denies the remaining allegations in paragraph 8.

9. To the extent the allegations in paragraph 9 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. To the extent the allegations in paragraph 10 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. To the extent the allegations in paragraph 11 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. To the extent the allegations in paragraph 12 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart admits that it ordered merchandise from Plaintiff under the Agreement, but denies the remaining allegations in paragraph 12.

13. To the extent the allegations in paragraph 13 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart admits that it ordered merchandise from Plaintiff under the Agreement, but denies the remaining allegations in paragraph 13.

14. To the extent the allegations in paragraph 14 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 14.

15. To the extent the allegations in paragraph 15 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized returns" and lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16. To the extent the allegations in paragraph 16 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized returns" or "charge backs" and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17. To the extent the allegations in paragraph 17 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized returns" or "improper charge backs" and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18. To the extent the allegations in paragraph 18 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. To the extent the allegations in paragraph 19 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the remaining allegations in paragraph 19.

20. In response to paragraph 20, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 19 of the Second Amended Complaint.

21. To the extent the allegations in paragraph 21 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient

information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. To the extent the allegations in paragraph 22 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding Plaintiff's participation in any "mark down program" and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23. To the extent the allegations in paragraph 23 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. To the extent the allegations in paragraph 24 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. To the extent the allegations in paragraph 25 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. In response to paragraph 26, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 25 of the Second Amended Complaint.

27. To the extent the allegations in paragraph 27 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28. To the extent the allegations in paragraph 28 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. To the extent the allegations in paragraph 29 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30. To the extent the allegations in paragraph 30 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31. To the extent the allegations in paragraph 31 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32. In response to paragraph 32, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 31 of the Second Amended Complaint.

33. To the extent the allegations in paragraph 33 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. To the extent the allegations in paragraph 34 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding Plaintiff's participation in any "mark down program" and denies

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies those allegations.

35. To the extent the allegations in paragraph 35 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36. To the extent the allegations in paragraph 36 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37. In response to paragraph 37, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 36 of the Second Amended Complaint.

38. To the extent the allegations in paragraph 38 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart admits that it entered a written Agreement with Plaintiff dated October 3, 2013 and ordered merchandise from Plaintiff under the Agreement.

39. To the extent the allegations in paragraph 39 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart admits that it ordered merchandise from Plaintiff under the Agreement and received invoices from Plaintiff but denies the remaining allegations in paragraph 39.

40. To the extent the allegations in paragraph 40 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the remaining allegations in paragraph 40.

41. To the extent the allegations in paragraph 41 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the remaining allegations in paragraph 41.

42. To the extent the allegations in paragraph 42 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart avers that the parties' Agreement speaks for itself and denies any characterizations inconsistent with the terms of the Agreement.  Walmart denies any remaining allegations in paragraph 42.

43. To the extent the allegations in paragraph 43 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 43.

44. To the extent the allegations in paragraph 44 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart admits it had the right to return merchandise to Plaintiff under the Agreement.  Walmart denies any remaining allegations in paragraph 44.

45. To the extent the allegations in paragraph 45 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 45.

46. To the extent the allegations in paragraph 46 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 46.

47. To the extent the allegations in paragraph 47 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 47.

48. To the extent the allegations in paragraph 48 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 48.

49. To the extent the allegations in paragraph 49 set forth one or more legal conclusions, they require no response.  Subject to the foregoing, Walmart denies the remaining allegations in paragraph 49.

50. In response to paragraph 50, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 49 of the Second Amended Complaint.

51. To the extent the allegations in paragraph 51 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized returns and charge backs" and lacks sufficient information to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52. To the extent the allegations in paragraph 52 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53. To the extent the allegations in paragraph 53 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there was any "February 2017 oral agreement" between Walmart and Plaintiff, denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding Plaintiff's participation in any "mark down program," and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54. To the extent the allegations in paragraph 54 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55. To the extent the allegations in paragraph 55 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

8
DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT
OC 287860626v2

56. To the extent the allegations in paragraph 56 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

57. In response to paragraph 57, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 56 of the Second Amended Complaint.

58. To the extent the allegations in paragraph 58 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding Plaintiff's participation in any "mark down program," and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies those allegations.

59. To the extent the allegations in paragraph 59 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.

60. To the extent the allegations in paragraph 60 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding Plaintiff's participation in any "mark down program," and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies those allegations.

61. To the extent the allegations in paragraph 61 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 61 and therefore denies those allegations.

62. To the extent the allegations in paragraph 62 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.

63. To the extent the allegations in paragraph 63 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64. To the extent the allegations in paragraph 64 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.

65. In response to paragraph 65, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 64 of the Second Amended Complaint.

66. To the extent the allegations in paragraph 66 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67. To the extent the allegations in paragraph 67 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding a "drop in orders" or Plaintiff's participation in any "mark down program," and denies any wrongdoing. Walmart lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68. To the extent the allegations in paragraph 68 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

information to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69. To the extent the allegations in paragraph 69 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies that it terminated its agreement with Plaintiff. Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.

70. To the extent the allegations in paragraph 70 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71. To the extent the allegations in paragraph 71 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.

72. In response to paragraph 72, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 71 of the Second Amended Complaint.

73. To the extent the allegations in paragraph 73 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74. To the extent the allegations in paragraph 74 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies there were any "unauthorized merchandise returns" or "charge backs," denies it acted improperly regarding a "drop in orders" or Plaintiff's participation in any "mark down program," and denies any wrongdoing. Walmart lacks sufficient information to form a

belief as to the truth of the remaining allegations in paragraph 74 and therefore denies those allegations.

75. To the extent the allegations in paragraph 75 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76. To the extent the allegations in paragraph 76 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77. To the extent the allegations in paragraph 77 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78. To the extent the allegations in paragraph 78 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.

79. In response to paragraph 79, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 78 of the Second Amended Complaint.

80. To the extent the allegations in paragraph 80 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient information to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81. To the extent the allegations in paragraph 81 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart lacks sufficient

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

OC 287860626v2

information to form a belief as to the truth of the allegations in paragraph 81 and therefore denies those allegations.

82. In response to paragraph 82, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 81 of the Second Amended Complaint.

83. To the extent the allegations in paragraph 83 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 83.

84. To the extent the allegations in paragraph 84 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 84.

85. To the extent the allegations in paragraph 85 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 85.

86. To the extent the allegations in paragraph 86 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies that Plaintiff is entitled to any legal or equitable relief regarding Plaintiff's claim for open book account, and denies any remaining allegations in paragraph 86.

87. In response to paragraph 87, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 86 of the Second Amended Complaint.

88. To the extent the allegations in paragraph 88 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 88.

89. To the extent the allegations in paragraph 89 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 89.

90. To the extent the allegations in paragraph 90 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies that Plaintiff is entitled to any legal or equitable relief regarding Plaintiff's claim for account stated and denies any remaining allegations in paragraph 90.

91. In response to paragraph 91, Walmart adopts, realleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 90 of the Second Amended Complaint.

92. To the extent the allegations in paragraph 92 set forth one or more legal conclusions, they require no response. Subject to the foregoing, Walmart denies the allegations in paragraph 92.

## WALMART'S ANSWER TO PRAYER FOR RELIEF

93. Plaintiff's Prayer does not require a response. To the extent a response is required, however, Walmart denies the allegations contained in the prayer for relief following paragraph 92 of the Second Amended Complaint and further denies that Plaintiff is entitled to any of the relief sought or any relief whatsoever.

## GENERAL DENIAL

Except as specifically admitted, Walmart denies every other allegation and implication of wrongdoing in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Walmart sets forth the following affirmative defenses. By asserting these defenses, Walmart does not assume the burden of establishing or refuting any fact, element, or proposition as to which Plaintiff bears the burden of proof. Walmart reserves the right to raise additional defenses as the facts and discovery in this case warrant and in response to any new or amended claims or allegations asserted by Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. The Second Amended Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Walmart under Fed. R. Civ. P.

8(a) and 12(b)(6). Plaintiff's breach of contract claim and common counts are vague and conclusory.

## SECOND AFFIRMATIVE DEFENSE
### (No Injury)

2.  The Second Amended Complaint is barred, in whole or part, because Plaintiff does not have any particularized or concrete injury. Walmart did not breach the Agreement and does not owe Plaintiff any outstanding balance.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

3.  Plaintiff's claims are barred, in whole or part, because the acts or omissions alleged to have been performed by Walmart, if performed at all, were done in good faith. Walmart did not Breach the Agreement and carried out its obligations under the Agreement in good faith.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

4.  Plaintiff's claims are barred, in whole or part, due to Plaintiff's failure to mitigate its alleged damages, if any. Plaintiff alleges it incurred losses due to unauthorized merchandise returns. Plaintiff should have attempted to mitigate any such damages by, for example, selling the returned elsewhere and taking other measures to recover the alleged losses.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.  Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands. Plaintiff alleges it incurred losses due to a "drop in orders" from Walmart, despite express language in the Agreement prohibiting Plaintiff from relying on any expectation of continuing business with Walmart.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6. Plaintiff's claims are barred, in whole or part, by the doctrine of waiver. Plaintiff alleges it incurred losses due to a "drop in orders" from Walmart. Plaintiff expressly waived reliance on any expectation of continuing business with Walmart under the Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel. The language in the Agreement estops Plaintiff from asserting claims based on any alleged losses incurred resulting from any anticipation of continued business with Walmart.

## EIGHTH AFFIRMATIVE DEFENSE

### (Full Payment)

8. Plaintiff's claims are barred because the amounts and items to be owed to Plaintiff were, in fact, paid or provided to Plaintiff. Walmart paid Plaintiff for merchandise properly received under the Agreement.

## NINTH AFFIRMATIVE DEFENSE

### (No Breach)

9. Plaintiff's claims are barred, in whole or part, because Walmart did not breach any agreement between Walmart and Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

10. There is no basis in statute or contract for Plaintiff's request for attorneys' fees.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

11. Plaintiff's claims are barred, in whole or part, by the equitable doctrine of accord and satisfaction. Plaintiff accepted payment from Walmart in satisfaction of any obligations Walmart owed Plaintiff under the Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

12. Plaintiff's claims are barred, in whole or part, by the statute of frauds to the extent the claims arise out of any alleged oral agreement between Plaintiff and Walmart. The written Agreement expressly precludes oral modification and prohibits Plaintiff from relying on any oral representations by any Walmart employee.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

13. Without conceding that any act or omission of Walmart caused damage to Plaintiff, Walmart alleges it is entitled to offset and recoup against any judgment that may recoup against any judgment that may be entered against it all obligations that Plaintiff owes Walmart.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contract Governed by Arkansas Law)

14. Plaintiff's claims against Walmart for breach of contract and the common counts arise out of the written Agreement between Plaintiff and Walmart. The Agreement is governed by Arkansas law. (*See* Dkt. No. 35-1 [Agreement] at p. 7, ¶ 24.) Therefore, Plaintiff cannot assert claims under California law.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Walmart has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available in this action. Walmart therefore reserves the right to assert additional defenses in the event discovery indicates that they may be appropriate. Walmart further reserves the right to amend its

Answer or otherwise plead in response to Plaintiff's Second Amended Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process

## WALMART'S PRAYER FOR RELIEF

**WHEREFORE**, Walmart prays for relief as follows:

1. That Plaintiff take nothing by way of the Second Amended Complaint and the Court dismiss the Second Amended Complaint with prejudice;

2. That the Court enter judgment that Walmart is the prevailing party in this action;

3. That the Court award Walmart all costs, expenses, and attorneys' fees that it is entitled to under applicable law; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 27, 2018        GREENBERG TRAURIG, LLP

                   By   */s/ Robert J. Herrington*
                        Robert J. Herrington
                        Attorneys for Defendant,
                        WALMART INC.